UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Terria M. Deasfernandez,

    Plaintiff,

V

Beaumont Health System, and
Ellaine Richardson, Jointly and
Severally,

    Defendants.

Judge: Hon.

Case No.

_____/

**HERBERT A. SANDERS (P43031)**
THE SANDERS LAW FIRM, P.C.
Attorney for the Plaintiff
615 Griswold, Suite 913
Detroit, MI 48226
Phone: (313) 962-0099
Fax: (313) 962-0044
haslawpc@gmail.com

**DARRYL K. SEGARS (P54997)**
Hatchett, DeWalt & Hatchett, P.L.L.C.
Attorney for Plaintiff
485 Orchard Lake Road
Pontiac, Michigan 48341
Phone: (248) 334-1587
Fax: (248) 334-9199
segarslaw@hotmail.com

_____/

# PLAINTIFF'S COMPLAINT AND JURY DEMAND

1

**NOW COMES** Plaintiff, by and through her attorneys, and for her Complaint states as follows

## JURISCITION

1. This is an action to enforce civil rights arising out of Plaintiff's employment relationship with Defendant, pursuant to *Michigan's Elliot-Larsen Civil Rights Act, The 1991 Civil Rights Act and Title VII of the Civil Rights Act of 1964.*

2. This court has jurisdiction pursuant to *28 USC § 1332.*

3. The amount in controversy is in excess of $75,000.00 exclusive of interest, costs, and attorney fees.

4. Plaintiff Terria M. Deasfernandez is an African-American, and a resident of the County of Oakland, State of Michigan.

5. Defendant Beaumont Health System is a hospital located in the County of Oakland, State of Michigan.

6. Defendant Ellaine Richardson, at all times relevant hereto was an employee of Defendant Beaumont Health System, and Plaintiff Deasfernandez's supervisor.

7. Based upon information and belief, Defendant Ellaine Richardson is a resident of the County of Oakland, State of Michigan.

8. The events giving rise to this cause of action occurred in the Eastern District of Michigan.

## FACTS

9. Plaintiff worked as a nurse at the Defendants' Beaumont Hospital Geriatric Clinic.

10. Plaintiff was employed with the Defendants from May 1996 through November 2013.

11. During Plaintiff's employment with Defendants, Plaintiff performed her duties in an above satisfactory manner.

12. During her employment with the Defendants, Plaintiff suffered unwarranted discrimination and harassment on the basis of her race.

13. The acts of discrimination and harassment were inclusive of, but not limited to:

    a. Plaintiff's co-workers referring to African-American children as "nigglets";

    b. Defendant Richardson asking Plaintiff to explain to her the difference between a "nigger" and a "nigga";

    c. Defendant Richardson explaining to Plaintiff that she had seen cotton crops planted in the shape of a swastika and she thought it was so funny.

14. Plaintiff complained to the Defendants about the discrimination and harassment as described above; however, the discrimination and harassment continued.

15. Additionally, Plaintiff suffered retaliation as a result of engaging in protected activity and/or because she opposed the discrimination and harassment which violated her civil rights as described above.

16. The acts of retaliation were inclusive of, but not limited to:

    a. Plaintiff was issued unwarranted discipline;

    b. Plaintiff's work was scrutinized more harshly than others;

    c. Defendant would disparage Plaintiff in front of co-workers.

    d. Defendant constructively discharged the Plaintiff.

17. Other employees who were not members of the same protected class as Plaintiff were not treated in manner that Plaintiff was treated as described above.

18. Plaintiff made reports of the discriminating harassing behavior to supervisors; however, the acts of discrimination, harassment, and retaliation continued.

19. As a result of Defendant's actions as described above, Plaintiff was constructively discharged.

## COUNT I
## RACE DISCRMINATION/HARASSMENT
## IN VIOLATION OF MICHIGAN'S ELLIOT-LARSEN CIVIL RIGHTS ACT

20. Plaintiff incorporates by reference paragraphs 1 through 19 as if specifically delineated herein.

21. At all material times, Defendant was an employer, covered by and within the meaning of *Michigan's Elliot-Larsen Civil Rights Act*.

22. Under said statute, the Defendants had a duty to Plaintiff not to discriminate against her or to harass her with respect to her employment, compensation, terms, conditions or privileges of employment because of her race, or to limit, segregate or classify Plaintiff for employment in a way which deprived or tended to deprive her of employment opportunities or otherwise to adversely affect the employment status of Plaintiff because of her race.

23. Notwithstanding said duties and in willful violation thereof, the Defendants discriminated against Plaintiff, and harassed Plaintiff by subjecting her to humiliation and discrimination to which other workers were not subjected, all because of her race.

24. Plaintiff's race was a factor that made a difference in Defendants' decision to subject her to the wrongful and discriminatory treatment described above.

25. Defendants, by their agents, representatives, and employees, were predisposed to discriminate on the basis of race and acted in accordance with that predisposition.

26. Defendant's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

27. If Plaintiff had been Caucasian, she would not have been treated in the manner described.

28. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

29. WHEREFORE, Plaintiff requests the Court to enter a judgment against Defendants in an amount exceeding $75,000.00, exclusive of costs and interest, as compensatory and exemplary damages to Plaintiff and also award to Plaintiff such other relief as may be applicable under statutory and common law, including interest, costs and attorney fees associated with this action.

## Count II
## Race Discrimination and Harassment
## in Violation of The 1991 Civil Rights Act & Title VII

30. Plaintiff hereby incorporates by reference paragraphs 1-29 as if specifically delineated herein.

31. At all times relevant hereto, Plaintiff was an employee, and Defendants an employer within the meaning of the *Civil Rights Act of 1991 (1991 CRA), Pub L No 102-166, 105 Stat 1071 (1991), et seq.,* and *Title VII of the Civil Rights Act of 1964 (Title VII), as amended.*

32. Under said statutes, the Defendants had a duty to Plaintiff not to discriminate against her or to harass her with respect to her employment, compensation, terms, conditions or

privileges of employment because of her race, or to limit, segregate or classify Plaintiff for employment in a way which deprived or tended to deprive her of employment opportunities or otherwise to adversely affect the employment status of Plaintiff because of her race.

33. Notwithstanding said duties and in willful violation thereof, the Defendants discriminated against Plaintiff, and harassed Plaintiff by subjecting her to humiliation and discrimination to which other workers were not subjected, all because of her race.

34. Plaintiff was subjected to adverse employment actions as described above.

35. Plaintiff experienced treatment that is different than that experienced by other similarly situated employees with respect to the terms, conditions, or benefits of her employment because of her race.

36. There is evidence of a causal relationship between Plaintiff's membership in the protected class and the adverse employment actions she experienced.

37. Plaintiff was ultimately replaced by a white employee.

38. As a direct and proximate result of the Defendants' violations as described above, Plaintiff suffered loss of earnings, and other benefits of employment, loss of earning capacity, embarrassment and humiliation, mental and emotional distress, and expenses for medical care and treatment, all of which damages continues into the future.

## COUNT III
## RETALIATION

39. Plaintiff incorporates by reference paragraphs 1 through 38 as if specifically delineated herein.

40. In violation of *Michigan's Elliot-Larsen Civil Rights Act*, *in The 1991 Civil Rights Act, and Title VII,* Defendants retaliated against Plaintiff for having complained about Defendants' discriminatory employment practices described above.

41. Defendant's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

42. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

## Count IV
## Constructive Discharge

43. Plaintiff hereby incorporates by reference paragraphs 1-42 as if specifically delineated herein.

44. As delineated above, there was a purposeful effort on the Defendants' part to force Plaintiff to resign.

45. The intolerable working conditions were created by conduct that constituted a violation of Plaintiff's rights under the law.

46. Plaintiff's resignation was a direct result of the intolerable working conditions.

47. As a direct and proximate result of the Defendants' violations as described above, Plaintiff suffered loss of earnings, and other benefits of employment, loss of earning capacity, embarrassment and humiliation, mental and emotional distress, and expenses for medical care and treatment, all of which damages continue into the future.

**PLAINTIFF REQUESTS** that this court enter judgment against Defendants as follows:

1. Legal relief
   a. a judgment for lost wages and benefits, past and future, in whatever amount she is found to be entitled;
   b. compensatory damages in whatever amount she is found to be entitled;
   c. damages for emotional distress and mental anguish;
   d. punitive and exemplary damages commensurate with the wrong and Defendant's ability to pay;
   e. an award of interest, costs, and reasonable attorney fees.
2. Equitable relief
   a. an order reinstating Plaintiff to the position she would have held if there had been no discrimination and retaliation by Defendant;
   b. an injunction prohibiting any further acts of retaliation or discrimination;
   c. an award of interest, costs, and reasonable attorney fees;
   d. whatever other equitable relief appears appropriate at the time of trial.

WHEREFORE, Plaintiff requests the Court to enter a judgment against Defendants in an amount exceeding $75,000.00, exclusive of costs and interest, as compensatory and exemplary damages to Plaintiff and also award to Plaintiff such other relief as may be applicable under statutory and common law, including interest, costs and attorney fees associated with this action.

**JURY DEMAND**

Plaintiff, through her attorneys, hereby requests a trial by jury.

Respectfully submitted,

Dated:  January 27, 2015                    /s/ *Herbert A. Sanders*
                                            Herbert A. Sanders (P43031)
                                            The Sanders Law Firm, P.C.